Petrit VRENOZI, Arta Vrenozi, Andi Vrenozi, Sindi Vrenozi, Petitioners,

v.

Peter D. KEISLER,* Attorney General of the United States of America, Respondent.

Nos. 05–4187–ag (L), 05–5114–ag (con).

United States Court of Appeals, Second Circuit.

Oct. 10, 2007.

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as Respondent in this case.

Justin Conlon, North Haven, CT, for Petitioners.

Steven P. Croley, Assistant United States Attorney, for Stephen J. Murphy, United States Attorney, Eastern District of Michigan, Detroit, MI, for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. GUIDO CALABRESI, Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Petitioners Petrit Vrenozi, Arta Vrenozi, Andi Vrenozi, and Sindi Vrenozi ("Petitioners"), natives and citizens of Albania, seek review of the July 12, 2005 order of the BIA affirming the September 16, 2003 decision of Immigration Judge ("IJ") Matthew J. D'Angelo denying Petitioners' application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Petrit Vrenozi, Arta Vrenozi, Andi Vrenozi, & Sindi Vrenozi,* Nos. A95 449 872/873/874/875 (B.I.A. July 12, 2005), *aff'g* Nos. A95 449 872/873/874/875 (Immig. Ct. Hartford Sept. 16, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "con-

clusive unless any reasonable adjudicator would be compelled to conclude the contrary." 8 U.S.C. § 1252(b)(4)(B). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed, *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005), unless we can confidently predict that, in spite of deficiencies in the adverse credibility determination, it would be futile to remand because the IJ would adhere to its original decision, *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336–40 (2d Cir.2006).

Here the IJ denied Petitioners' claims after finding Petrit Vrenozi ("Vrenozi") not credible, based on implausible statements, internal inconsistencies in his testimony, and general demeanor. Ordinarily we will not disturb adverse credibility determinations that are based on "specific examples in the record of inconsistent statements ... about matters material to [an applicant's] claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters." *Zhou Yun Zhang v. INS*, 386 F.3d 66, 74 (2d Cir.2004) (internal quotation marks omitted). An IJ's assessment of demeanor is also entitled to particular deference. *See Majidi v. Gonzales*, 430 F.3d 77, 81 n. 1 (2d Cir.2005). However an adverse credibility determination must not be based on flawed reasoning or bald speculation. *Siewe v. Gonzales*, 480 F.3d 160, 168–69 (2d Cir.2007). And "it is also error for an IJ to find an applicant's testimony inconsistent without first raising the putative discrepancies during asylum proceedings so that the petitioner has a chance to provide what may be satisfactory explanations for the supposed problem." *Ming Shi Xue v. BIA*, 439 F.3d 111, 122 (2d Cir.2006); *see also Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 152 (2d Cir.2003) (sug-gesting that where an applicant gives "spare" testimony and the fact-finder wonders whether the testimony is fabricated, the fact-finder may "probe for incidental details, seeking to draw out inconsistencies that would support a finding of lack of credibility"), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir.2007) (en banc).

██ In this case, the IJ made seven specific findings in support of his adverse credibility determination, apart from his observations about Vrenozi's demeanor. Two findings were erroneous because they simply misconstrued the record. First, Vrenozi's testimony regarding Democratic Party membership cards did not, as the IJ stated, contradict the testimony of Petitioners' expert witness. Second, contrary to the IJ's finding, there was evidence in the record that Vrenozi was, in fact, threatened at his business. (According to the IJ, the absence of such evidence undercut Vrenozi's claim that persecution awaited him on his return to Albania). A third finding—that Vrenozi was evasive and vague as to a particular set of threats by the Albanian Secret Service—was improper because upon probing, Vrenozi did elaborate on and clarify his earlier testimony. A fourth finding—that given the Vrenozis' wealth it was implausible that they would not relocate after receiving threats—was purely speculative. The three other findings were based on seemingly implausible or inconsistent statements by Vrenozi, none of which the IJ asked Vrenozi to explain or clarify. We do not, of course, "hypothesize excuses for the inconsistencies" that the IJ found; our review is simply "meant to ensure that credibility findings are based upon neither a misstatement of the facts in the record nor bald speculation or caprice." *Zhou*

*Yun Zhang v. INS,* 386 F.3d 66, 74 (2d Cir.2004).

The IJ did properly note some inconsistencies and implausibilities in Vrenozi's testimony, but in light of the IJ's numerous erroneous findings, we cannot confidently predict that, based only on the IJ's error-free findings, the agency would reach the same conclusion about adverse credibility on remand. *Tu Lin v. Gonzales,* 446 F.3d 395, 401 (2d Cir.2006). Accordingly, we remand consideration of Petitioners' asylum claim to the BIA.

Petitioners have not, however, meaningfully challenged the agency's denial of their withholding of removal and CAT claims in their brief to this Court. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005). As to these claims, we deny the petition for review.

For the foregoing reasons, we DENY in part and GRANT in part the petition for review, AFFIRM in part and VACATE in part the BIA's decision, and REMAND the case to the BIA for further proceedings consistent with this order. Any pending motion for stay of removal is DENIED as moot.